IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| **ZACHARY P. HORKY** <br>   c/o 701 The City Club Building <br>   850 Euclid Avenue <br>   Cleveland, OH 44114 <br><br>                   Plaintiff, <br><br>          -vs- <br><br> **CITY OF PARMA, OHIO** <br>   6611 Ridge Road <br>   Parma, OH 44129 <br><br>          and <br><br> **ZACHARY STOYKA (individually and in his official capacity)** <br>   6611 Ridge Road <br>   Parma, OH 44129 <br><br>                   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> **C O M P L A I N T** <br><br> Trial by Jury Endorsed Hereon |

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental misconduct, encroachment and abuse in violation

1

of the Fourth and Fourteenth Amendment to the Constitution of the United States and in its application.

2. The Plaintiff seeks declaratory, injunctive relief and damages.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs under the Fourth and Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

5. At all times relevant to this complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs, usages and practices of local government and a government official of the City of Parma, Ohio.

6. With respect to other state law claims, jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff Zachary Horky ("Horky"), is a person who resides in Cuyahoga County, Ohio and is within the jurisdiction of the United States District Court for the Northern District of Ohio.

8. Defendant City of Parma, Ohio is a municipality in the state of Ohio and sits within the jurisdiction of the United States District Court for the Northern District of Ohio.

9. Defendant Zachary Stoyka is employed by the City of Parma, Ohio as a police officer and was the arresting officer of Plaintiff.

### Count I
### CLAIMS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

10. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

11. In 2018, Horky was charged in the Parma Municipal Court in two different cases with one count each of criminal child enticement in violation of Parma Codified Ordinances 636.075.

12. Horky was originally arrested by Defendant Zachary Stoyka.

13. Defendant Stoyka had no probable cause for the arrest of Horky.

14. Horky was charged in Case Nos. 18-CRB-03100 and 18-CRB-03492.

15. He pleaded not guilty in both cases.

16. The matter(s) proceeded to a bench trial.

17. During its opening statement, Defendant, City of Parma, Ohio, amended the charge in each case to criminal child enticement in violation of R.C. 2905.05.

18. When Defendant, City of Parma, charged Horky under Parma Codified Ordinances 636.075 and later amended the charges to violations of R.C.

2905.05, it knew or should have known that the statute had been previously found unconstitutional and was well settled as established law.

19. When Defendant Stoyka arrested Horky, he knew or should have known that the statute under which he was making the arrest, had been previously found unconstitutional and was well settled as established law.

20. Defendant City of Parma had an obligation and continues to have an obligation to train its officers and prosecutors that prosecuting and arresting individuals under laws previously held unconstitutional violates the rights of individuals secured under the Constitution of the United States.

21. When the Defendant, City of Parma, charged Horky under Parma Codified Ordinance 636.075 and later amended the charges to violations of R.C. 2905.05, there was no probable cause for his criminal prosecution.

22. At the conclusion of the trial, the court found Horky guilty in both cases and sentenced him in each case to a $250 fine and 180 days in jail.

23. The sentences were ordered to be served consecutively. Horky's sentence was immediately ordered into execution.

24. Horky spent roughly six (6) months in the Cuyahoga County Jail after being convicted.

25. Horky timely appealed the convictions.

26. On November 27, 2019, the Eighth District Court of Appeals (Parma v. Horky, 2019-Ohio-4886) found that Horky was wrongfully charged and

convicted under an Ohio statute which had been previously been found unconstitutional.

27. The Eighth District Court of Appeals concluded that Zachary Horky's rights under the Due Process Clause were violated by Defendant City of Parma, Ohio.

28. As a result of the acts and conduct of Defendant, Horky has suffered severe emotional distress in addition to other compensatory damages.

29. As a result of Defendant's conduct, Horky lost his job and became homeless for a period of time.

30. Horky's loss is irreparable because it would be virtually impossible to restore him to his emotional state prior to his rights being violated by Defendant.

## Count II
## DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

31. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

32. The acts and conduct of Defendants have been in wanton and reckless disregard of Plaintiff's rights and feelings associated with Horky's arrest and prosecution.

33. Under color of state law, Defendants freely and openly violated the rights of Plaintiff when he was prosecuted under a statute which had previously been found unconstitutional.

34. As a result of the acts and conduct by Defendants, Plaintiff has been deprived of his personal and individual rights insured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

35. Defendants knowingly and intentionally violated the rights of Plaintiff insured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

36. As a result of the acts and conduct of Defendants, Plaintiff has suffered from emotional distress and pain and suffering.

## Count III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

38. When Defendants arrested, charged, prosecuted, secured a conviction and advocated for the incarceration of Zachary Horky using a law previously held to be unconstitutional, they intended to cause Mr. Horky harm.

39. Arresting, charging, prosecuting, securing a criminal conviction and advocating for incarceration for one year through the use of an unconstitutional law constitutes extreme and outrageous conduct under color of state law.

40. The physical, emotional and financial suffering endured by Zachary Horky directly arose out of Defendants' decision to arrest, charge and prosecute Mr. Horky under a statute which had previously been deemed unconstitutional.

41. Defendants actions were made with reckless and malicious intent under color of state law to injure Mr. Horky and deprive him of rights protected by the Constitution of the United States.

42. Defendants knowingly and intentionally violated the rights of Plaintiff guaranteed under the Constitution of the United States.

43. As a result of the acts and conduct of Defendants, Plaintiff has suffered from severe emotional distress, pain and suffering.

### Count IV
### CLAIMS ARISING OUT OF DEFENDANT CITY OF PARMA'S FAILURE TO TRAIN

44. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

45. Defendant City of Parma, Ohio is obligated to train and enforce policies of its police department and prosecutor to insure that citizens are not subjected to inappropriate and abusive misconduct.

46. Defendant City of Parma, Ohio is obligated to insure that its police officers and prosecutors understand the consequences of misconduct.

47. Defendant City of Parma, Ohio is obligated to be educated about the constitutional rights of its citizens and to not charge its citizens under statutes which have been deemed unconstitutional.

48. Defendant City Parma, Ohio knew or should have known that the police training of Defendant Zachary Stoyka and its prosecutors were inadequate as

they clearly ignored the fact that the statute under which they charged and prosecuted Horky had been previously deemed unconstitutional.

49. The acts and conduct of the City of Parma, Ohio in failing to insure that its officers and prosecutors were fully trained on the importance of an individual's constitutional rights and that prosecuting an individual under an unconstitutional statute is not appropriate was in wanton and reckless of the rights and feelings of Horky.

50. As a result of the failure of the City of Parma, Ohio's actions to adequately provide sufficient training, Plaintiff has suffered substantial pain and suffering and significant emotional distress.

WHEREFORE, Plaintiffs urge this Court to grant the following relief:

> A. Declare that the acts and conduct of the Defendants constitute violations of the Fourth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;
>
> B. Preliminarily and permanently enjoin the Defendants, their representatives and all others working in concert with them from engaging in the future in the actions which have the purpose or effect of depriving citizens, particularly, of rights insured under the Fourth Amendment;
>
> C. Grant to the Plaintiffs and against the Defendants appropriate compensatory damages with statutory costs and statutory reasonable attorneys' fees as provided by federal law;

D. Grant to the Plaintiffs and against Defendant Zachary Stoyka, appropriate compensatory, exemplary and punitive damages;

E. Grant any additional relief the Court deems just, equitable and in the public interest.

| | |
|---|---|
| *s/Avery Friedman* | *s/Jared S. Klebano* |
| Avery Friedman (0006103) | Jared S. Klebanow (0092018) |
| AVERY FRIEDMAN & ASSOCIATES | KLEBANOW LAW, LLC |
| 701 The City Club Building | 701 The City Club Building |
| 850 Euclid Avenue | 850 Euclid Avenue |
| Cleveland, Ohio 44114 | Cleveland, Ohio 44114 |
| P: (216) 621-9282 | P: (216) 621-8230 |
| F: (216) 621-9283 | jklebanow@klebanowlaw.com |
| avery@lawfriedman.com | |
| fairhousing@gmail.com | |

*Attorneys for Plaintiff Zachary Horky*

## JURY DEMAND

Plaintiff hereby demands trial by jury.

/s/Jared Klebanow
Jared Klebanow